UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE MARIE TEAFORD, | ) |
| | ) No. CV-10-0282-CI |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND DENYING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner | ) MOTION FOR SUMMARY JUDGMENT |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 15.) Attorney Maureen R. Rosette represents Jane Marie Teaford (Plaintiff); Special Assistant United States Attorney Willy M. Le represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and **DENIES** Defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff protectively filed for disability benefits insurance (DIB) and Supplemental Security Income (SSI) on July 18, 2008. (Tr. 16.) She alleged disability due to depression, anxiety, alcohol dependence in remission, personality disorder, C5-6 fusion, and chronic pain, with an amended onset date of February 1, 2009. (Tr. 64, 162-63.) Benefits were denied initially and on reconsideration. Plaintiff timely requested a hearing before an administrative law

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

judge (ALJ), which was held before ALJ Marie Palachuk on February 17, 2010.  (Tr. 16, 37-90.)  Plaintiff, who was represented by counsel, testified.  Medical experts Thomas McKnight, Ph.D., and Arthur Brovender, M.D., and vocational expert Jennie Lawson (VE) also testified.  The ALJ denied benefits on March 31, 2010, and the Appeals Council denied review.  (Tr. 1-5, 16-31.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

establishes that a medically determinable physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). "This requires the presentation of 'complete and detailed objective medical reports of [the claimant's] condition from licensed medical processionals.'" *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 50 years old, single, and living alone. (Tr. 62-65.) She has three adult children and an adolescent daughter who was living with the child's father. (Tr. 65.) Plaintiff stated she had graduated from high school and attended four years of community college, during which she took photography classes and early childhood development classes. However, she did not obtain a degree in either subject. (*Id*.) Plaintiff has past work experience in photography, early childhood education, as an in-home care giver, a teacher's aide, and a library assistant. (Tr. 66-69.) She testified she left her last job as a library assistant due to depression. (Tr. 67.) She also testified she had physical limitations due to neck surgery, knee surgery, a tear in her right

shoulder and attendant pain. (Tr. 70-75 She stated she could lift/carry ten pounds, stand a half hour to an hour, walk a mile on flat surfaces, and bend. She could not squat. (Tr. 76-77.) Plaintiff testified she had four and a half months of sobriety as of the hearing date, with one relapse on October 4, 2009. (Tr. 78.) Plaintiff took a variety of medications for her mental and physical conditions. (Tr. 695.) She reported the medication helped her anxiety and moods, and they did not make her lethargic. She stated she could no longer work due to depression symptoms. (Tr. 79.)

## ADMINISTRATIVE DECISION

ALJ found Plaintiff remained insured for DIB purposes through December 31, 2012. (Tr. 16.) At step one, ALJ Palachuk found after the amended onset date of February 1, 2009, there was a continuous 12 month period during which Plaintiff did not engage in substantial gainful activity. (Tr. 19.) Before step two, the ALJ stated she reviewed the entire record "irrespective of any drug or alcohol issues." (*Id*.) At step two, she found Plaintiff had severe impairments of "status post, fusion of C5-6 in 2006; tenosynovitis; fracture of coccyx; mild osteoarthritis in the right shoulder; mild osteoarthritis in the right knee; status post fusion in C6-7 in 2008; an affective disorder; and polysubstance abuse. (*Id*.) Referencing mental health records, the ALJ found a diagnosed personality disorder was non-severe. (Tr. 20.) She also noted evidence of alcohol abuse that "was a contributing and material factor" to a finding of disability through February 2009, but in light of the amended onset date and Plaintiff's testimony that she stopped using alcohol in June 2009, the ALJ found it was

questionable whether a substance addiction would meet the durational requirement of twelve months required for a finding of disability. (*Id.*)  Viewing the evidence in a light most favorable to Plaintiff, the ALJ proceeded through the entire sequential evaluation process. (*Id.*)

At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  (Tr. 21.)  She summarized Plaintiff's testimony and concluded her statements regarding the severity of her functional limitations were not credible to the extent they were inconsistent with the assessed residual functional capacity (RFC).  (Tr. 23-24.) At step four, she determined Plaintiff had the RFC to perform light exertional work, with numerous non-exertional restrictions to accommodate physical and mental limitations supported by the record, Plaintiff's credible testimony, and medical expert testimony.  (Tr. 23-29.)  Based on this RFC and VE testimony, the ALJ concluded Plaintiff could not perform her past relevant work. (Tr. 29.) The ALJ proceeded to step five and found Plaintiff could perform jobs as a collator operator and cafeteria attendant.  (Tr. 30-31.) The ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.*)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred in her evaluation of the medical evidence, specifically the opinions of examining psychologists Scott Mabee, Ph.D., and

Dennis Pollack, Ph.D.; did not give specific and legitimate reasons for rejecting physical limitations assessed in October 2007; and improperly relied on medical expert testimony. (ECF No. 14 at 11-19.) Defendant responds the ALJ's decision is supported by substantial evidence and free of legal error. (ECF No. 16.)

**DISCUSSION**

In disability proceedings, the ALJ evaluates the medical evidence submitted and must explain the weight given to the opinions of accepted medical sources in the record. The Regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. §§ 404.1527, 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician." *Lester*, 81 F.3d at 830. If the medical opinion is contradicted, the ALJ must articulate "specific" and "legitimate" reasons that are supported by substantial evidence in the record to reject the opinion. *Andrews,* 53 F.3d at 1043.

Conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of

medical support for doctors' reports based substantially on a claimant's subjective complaints of pain are "specific and legitimate" reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 533 F.2d 597, 604 (9th Cir. 1989). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008). Nonetheless, it is legal error to reject examining medical source opinions because they conflict with testimony of a non-examining medical advisor that is not supported by other medical evidence in the record. *Lester*, 81 F.3d at 830 (opinion of a non-examining physician cannot by itself constitute substantial evidence to justify rejection of examining physician opinion).

In addition to acceptable medical sources, the ALJ must consider opinions from "other sources," such as mental health providers and nurse practitioners, as well as non-medical sources. 20 C.F. R. §§ 404.1513(d), 416.913(d); *Social Security Ruling* (*SSR*) 06-03p. The ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague*, 812 F.2d at 1232. Other source opinions

can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen*, 100 F.3d at 1467. The opinion of an acceptable medical source generally is given more weight than that of an other source. 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater,* 74 F.3d 967, 970-71. (9th Cir. 1996). However, where factors found in 20 C.F.R. §§ 404.1527(d) and 416.927(d) are established and the other source is shown to have an ongoing treatment relationship and longitudinal understanding of a claimant's impairments and attendant limitations, the other source opinion may be given more weight than that of an accepted medical source. *SSR* 06-03p. If the ALJ rejects an other source opinion, she is obligated to give specific reasons, germane to that witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

**A.   Medical Evidence of Physical Limitations**

Plaintiff asserts the ALJ did not give proper weight to an October 15, 2007, "Return to Work" form enumerating work restrictions when she returned to her library position. (ECF No. 14 at 19, 454.) Plaintiff misstates that this report is from a treating physician at Doctor's Clinic. A review of the record shows the relied upon report is from Brandi Desaveur, physician's assistant at Northwest Orthopaedic Specialists, and concerns Plaintiff's treatment for a sacral fracture, for which treatment was closed on December 10, 2007. (Tr. 370.) Further, not only did the ALJ find Plaintiff could not return to her work at the library, because Plaintiff amended her onset date to February 2009, the limitations assessed in 2007 are not probative to the period at issue. *Carmickle v. Comm. of Soc. Sec.,* 533 F.3d 1155, 1165 (9th

Cir. 2008) ("Medical opinions that predate the alleged onset of disability of limited relevance"). Dr. Brovender's medical expert testimony and the ALJ's final physical RFC are supported by other substantial evidence in the record, including Plaintiff's testimony. (Tr. 24-25, 49, 70, 75-77, 586-605.) The ALJ's physical RFC is a rational interpretation of the evidence in the entire record and free of legal error.

**B.   Medical Evidence of Psychological Limitations**

Plaintiff asserts generally that the ALJ improperly rejected treating and examining medical opinions in favor of Dr. McKnight's testimony and conclusions. In arguing that she is "more limited from a psychological standpoint" than found by the ALJ, Plaintiff specifically references: (1) opinions endorsed by Scott Mabee, Ph.D., included in an April 7, 2008, evaluation in which psychological testing was administered, interpreted, and summarized by assessment specialist Amy Robinson, M.S., (Tr. 350-54); (2) conclusions in a psychological evaluation completed by Dennis Pollack, Ph.D., in January 27, 2010; and (3) opinions from Plaintiff's treating therapist at Family Service Spokane (FSS) and Spokane Mental Health provider, Nancy Rider, ARNP. (ECF No. 14 at 12-15; Tr. 350-56, 586-88, 666-75, 673, 693.)

   **1.   Dr. Mabee**

The report endorsed by Dr. Mabee was written in April 2008, prior to Plaintiff's amended onset date. (Tr. 350-54.) The opinions predate the alleged onset of disability and, therefore, are of limited relevance. *Carmickle*, 533 F.3d at 1165; *Fair*, 533 F.3d at 600. In addition, as discussed in more detail below,

Plaintiff confirmed she was abusing alcohol prior to June 2009, and the ALJ found Plaintiff's alcoholism was a contributing factor to disability prior to that time. Therefore, these limitations with the effects of alcohol abuse are not sufficient to establish eligibility to disability benefits. *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007). Therefore, even if the ALJ failed to give specific and legitimate reasons for discounting this evidence, the error is harmless and the ALJ reasonably gave functional limitations assessed at that time little weight. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

**2.   Dr. Pollack**

In January 2010, Dr. Pollack examined Plaintiff and administered objective psychological tests, the results of which indicated possible neuropsychological deficits; possible exaggeration of symptoms; inconsistencies in Plaintiff's self-report regarding drug use, drug-seeking behavior, and alcohol dependency treatment; and Plaintiff's failure complete the full battery of tests due to her inability to stay awake and focused on the second day of testing. (Tr. 669-71.) In the Mental Medical Source Statement attached to his narrative report, Dr. Pollack found Plaintiff had marked limitations in three areas affecting her sustained concentration, persistence, and pace. (Tr. 673.) At the hearing, the VE testified with these assessed mental limitations, an individual would not be able to sustain work. (Tr. 88-89.)

**3.   Mental Health Treatment Providers**

In 2009 and 2010, Ms. Rider opined Plaintiff had a diagnosis of major depressive disorder with alcohol dependence. (*Id.*; Tr. 594-

600.) Her opinions are consistent with Dr. Pollack's opinions[1] and Dr. McKnight's testimony that Plaintiff had severe affective disorder under Listing 12.04, addiction to prescribed benzodiazephines, and alcohol dependence, and with Dr. Pollack's diagnoses of major depressive disorder, as well as alcohol dependence in early remission. (Tr. 20, 671.) Ms. Rider routinely observed Plaintiff's inability to focus, vacillating mood issues, and struggles with alcoholism during medication management appointments, and by May 2009, recommended Plaintiff participate in alcohol dependency treatment. (Tr. 595-600.) FSS clinic notes document Plaintiff's ongoing issues with alcohol binging and dependency and treatment for depression during the period at issue. (Tr. 635-56.)

In her final mental RFC determination, the ALJ found Plaintiff would have "sufficient attention and concentration to understand and remember and carry out simple and/or one to two step tasks, but with a limitation of no detailed instruction exceeding the one to two step process" and "would have some difficulty maintaining a normal work schedule with only two days a month of missed work." (Tr. 23.) In explaining her findings, the ALJ gave "significant weight" to Dr. McKnight's testimony because he was a specialist with an understanding of the disability proceedings (as is Dr. Pollack), and because Plaintiff obtained Dr. Pollack's examination to "perform the

---

[1] Dr. Pollack's diagnosis of somatoform disorder had not lasted more than 12 months at the time of the hearing; thus the ALJ did not err in excluding it from his step two findings. 20 C.F.R. § 404.1509, 416.909.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

basis of the opinion" rather than for treatment. (Tr. 27.) She also reasoned there is "a possibility that a medical professional may express an opinion in an effort to assist a patient." *Id*. These are not legitimate reasons to reject an examining medical source opinion. *Benecke,* 379 F.3d at 592; *Lester*, 81 F.3d at 831. Further, the ALJ's finding that "the marked limitations opined by Dr. Pollack are not supported by the record as a whole," without more, lacks requisite specificity and is not based on substantial evidence.

For example, the ALJ did not reject Dr. Pollack's conclusions or the specific marked limitations in his Medical Source Statement, which were based on objective testing and his observations as an examining specialist. (Tr. 27-28, 672-75.) Rather, it appears there was reliance wholly on Dr. McKnight's summary of the evidence and opinions without referencing what, if any, other medical evidence in the record supports his non-examining conclusions. (Tr. 25-28.) This is reversible error. A non-examining medical expert's opinions do not constitute substantial evidence and may not be given more weight than the opinion of a treating or examining doctor unless they are supported by other evidence in the record. *Andrews,* 53 F.3d at 1041; *see also* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

As to Ms. Rider's and the FSS clinician's treatment notes and observations (Tr. 637-58), the ALJ found only that "there is also the possibility a mental health professional expressed an opinion in an effort to help the claimant when Spokane Mental Health opined in October 2009 the claimant was 'unable to engage in substantial

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

gainful activity by reason of mental disorder for over 12 months.'" (Tr. 27, 676.) A review of the evidence shows the referenced opinion from the mental health provider is a routine "eligibility criteria checklist" completed for purposes of funding, and therefore, of limited probative value for these disability determination purposes. The ALJ's speculative finding is not sufficient to reject probative evidence from treating providers who had a documented, ongoing treatment relationship with Plaintiff. The Commissioner has advised this type of evidence is important in the evaluation of functional effects and must be considered by the ALJ by applying the factors found in 20 C.F.R. §§ 404.1527(d), 416.927(d), *SSR* 06-03p. The failure to do so is reversible error. *Dodrill,* 12 F.3d at 919.

Because Dr. Pollack's assessment of marked functional limitations was not properly rejected, his opinions may be credited as a matter of law. *Lester*, 81 F.3d at 834. The VE testified that an individual with the limitations assessed by Dr. Pollack could not sustain employment. (Tr. 88-89.) Therefore, crediting Dr. Pollack's medical source opinions, Plaintiff's mental impairments were disabling. However, where the evidence establishes drug addiction or alcoholism (DAA), "a finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

**B.   Materiality of DAA**

Under the Contract with America Advancement Act of 1996, an individual cannot be considered disabled if DAA is "a contributing

factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C). Special statutes and regulations govern disability claims that involve DAA. 20 C.F.R. §§ 404.1535(a), 416.935(a). If the ALJ finds a claimant disabled, and there is evidence of DAA, the ALJ should proceed under the sequential evaluation and §§ 404.1535 and 416.935 to determine if the claimant would still be disabled absent the DAA. *Bustamante*, 262 F.3d at 955. If found disabled with the effects of DAA, the claimant has the burden in steps one through four of the second sequential evaluation process to prove DAA is not a contributing factor material to her disability. *Parra*, 481 F.3d at 748. Plaintiff must provide competent evidence of a period of abstinence and medical source opinions relating to that period sufficient to establish her alcoholism or drug addiction is not a contributing factor material to her alleged mental impairments and disability. *Id.* at 748-49.

   Here, the ALJ found initially that substance addiction was a contributing factor material disability, but declined to make a finding of disability because (1) Plaintiff amended her onset date to February 1, 2009; and (2) based on Plaintiff's testimony that she stopping using alcohol in June 2009, it was questionable that the impairment lasted 12 months or more. (Tr. 20.) However, at step two of her decision, rendered on March 31, 2010, the ALJ found Plaintiff had the severe impairment of "polysubstance abuse." (Tr. 19.) The ALJ's reasoning regarding the materiality of DAA in this case neither conforms with the DAA analysis required by the Commissioner's regulations and case law, nor is it supported by

substantial evidence from the record in its entirety.

For example, the ALJ's finding that "there is a question on whether the claimant's alcohol use would be considered a material and contributing factor in the determination of disability" is contradicted by Dr. McKnight's testimony that Plaintiff was addicted to medication, was over-medicated, and had a clear history of alcohol dependence that was in self-reported remission in June 2009.[2]

---

[2] Regarding Plaintiff's self-report, the ALJ found Plaintiff's statements regarding her limitations were not credible "to the extent they are inconsistent with the [RFC]," and because they were "out of proportion to any objective physical findings." (Tr. 24.) Although this finding is not challenged, *de novo* review indicates the ALJ's credibility determination is erroneous. *Lester*, 81 F.3d at 834; *Cotton*, 799 F.2d at 1407; *SSR* 96-7p. If there is no affirmative evidence that the claimant is malingering, the ALJ must provide specific, "clear and convincing" reasons for rejecting the claimant's testimony regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). Other than Plaintiff's reports of suicidal ideation, the ALJ did not specify what self-reported symptoms lacked credibility. Rather, she specifically accepted Plaintiff's statements regarding alcohol abuse, limited periods of sobriety until June 2009, and relapse after 90 days of sobriety. (Tr. 24.) On remand, the ALJ will make new credibility findings sufficiently specific, supported by "clear and convincing" reasons, to permit the court to conclude the claimant's allegations

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

(Tr. 28-29.)  As noted by the ALJ, Dr. McKnight then testified "it is common for people with drug and alcohol issues to understate their problem and make excuses."  (Tr. 59.)  Noting the lack of objective evidence to establish a period of abstinence, Dr. McKnight testified he "had no idea how [examiners] came to the conclusion that [alcohol dependence] was in remission." (Tr. 58.)  He stated he would assume from the record that Plaintiff was still using alcohol and "the impact of the benzodiazepine is a serious problem." He further advised Plaintiff would need a protective payee if benefits were awarded.  *Id*.  This testimony is inconsistent with the ALJ's findings that DAA is not material to the claimed period of disability.  Because of the ambiguity created by Dr. McKnight's testimony that DAA is an ongoing factor in this case and Plaintiff would need a protective payee, and the fact that Plaintiff was unable to complete her psychological evaluation with Dr. Pollack due to an inability to stay awake (Tr. 55, 671), a new psychological examination to assess Plaintiff's mental functioning with and without the effects of alcoholism and medication side effects will be necessary to adequately develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  Thus, even crediting Dr. Pollack's improperly rejected findings and opinions, remand is necessary for additional proceedings, including a proper DAA analysis. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is

---

were not arbitrarily discredited.  *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

**GRANTED** and the matter is remanded to the Commissioner for additional proceedings consistent this decision, including a new psychological evaluation and proper DAA analysis, pursuant to 42 U.S.C. § 405(g).

2.  On remand, the parties may submit additional medical records that are relevant to the period at issue. The ALJ shall hold a new hearing and obtain new medical expert testimony, if necessary, to address newly obtained psychological testing and evaluation. In light of new evidence, the ALJ shall make new credibility findings supported by specific, "clear and convincing" reasons.

3.  Defendant's Motion for Summary Judgment **(ECF No. 15)** is **DENIED.**

4.  Application for attorney fees may be made by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file shall be **CLOSED.**

DATED December 9, 2011.

               S/ CYNTHIA IMBROGNO
           UNITED STATES MAGISTRATE JUDGE